IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
(Eastern Division)

RECEIVED
2015 JUL 20 P 12: 21
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| BRANDON SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:15-CV-517-WHA-SRW |
| | ) | |
| SL Alabama, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff Brandon Smith and as grounds for his

Complaint says as follows:

## PARTIES

1.     The Plaintiff is a former employee of the Defendant SL Alabama,

LLC and he is a resident of Tallapoosa County, Alabama.

2.     The Defendant SL Alabama, LLC (hereafter "SL") was the employer

of the Plaintiff during the relevant time periods in question. SL does business by

agent or otherwise in Tallapoosa County, Alabama. SL is also, upon Plaintiff's

information and belief, the plan administrator for a certain health insurance plan

which it has endorsed and provided for its employees during the relevant time

periods in question.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the matters alleged herein pursuant to 29 U.S.C. § 1132(c), (e) and (f), and 28 U.S.C. § 1331.

4.      Venue is proper under 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

## FACTS GIVING RISE TO THIS LITIGATION

5.      The Plaintiff, while employed with SL and while covered under a health insurance plan furnished by SL through Blue Cross and Blue Shield of Alabama (hereafter "BCBS"), experienced health problems and was required to go on medical leave in July of 2014. Surgery was performed on the Plaintiff during July of 2014.

6.      While on leave and before being released by the Plaintiff's attending physicians, the Plaintiff received a telephone call from the Human Resources Director of SL and she informed him that if he did not go back to work that night, despite the fact that he was still out of work on approved leave and per his doctor's orders, he would be terminated. The Plaintiff was also taking pain medication. He explained this also on the call, but to no avail.

7.      This was upsetting to the Plaintiff because he knew that he had not healed.  Further he was not fit to be able to work without posing a danger to himself or others given the significant pain medication which he was taking.

2

8.     The Plaintiff believed he was terminated as a result of that phone call.

9.     The Plaintiff learned on August 22, 2014 that his health insurance had been terminated. The Plaintiff expected that he would receive a COBRA notice but he did not.

10.    The Plaintiff resided at the same address which he had reported to SL and continued residing at that address until December of 2014.

11.    When the Plaintiff moved in December 2014, his mother began residing at his former address. The Plaintiff regularly checked with her as to her receiving a COBRA notice for him or any other form of mail relating to his health insurance coverage. This was never received.

12.    The Plaintiff sought counsel and attempted to obtain a COBRA notice and rectify this matter with SL before filing this lawsuit, but his efforts to resolve this matter were rejected by SL.

13.    The Plaintiff experienced a qualifying event in either July or August of 2014 which was termination of his employment. The Plaintiff was entitled to receive notice of his right to continued health insurance coverage as required by 29 U.S.C §§ 1161 *et seq* pertaining to the Consolidated Omnibus Reconciliation Act (COBRA) regarding ongoing health insurance benefits.

14.    The Plaintiff did not receive the required COBRA notice from SL. The Plaintiff needed further medical care given that he had just undergone surgery.

3

15.    The Plaintiff has suffered mental anguish over these problems and concerns pertaining to his recovery and his loss of adequate medical care.

16.    Also, by way of letter dated March 20, 2015, Plaintiff made a request for the summary plan description and the plan document governing the Plaintiff's health insurance claim.  This request was made in writing and has been verified as having been received by the plan administrator SL.

17.    SL did not produce a copy of the summary plan description or the plan document requested which was required under 29 U.S.C. §1132 and 29 U.S.C. §1024.

18.    The Plaintiff exhausted all known remedies relating to all penalty claims or such exhaustion is futile given the refusal to provide plan documents.

## COUNT ONE

19.    The Plaintiff incorporates by reference all previous paragraphs of this Complaint.

20.    This Count is brought pursuant to 29 U.S.C. §§ 1132(c) and 1161 *et seq.*

21.    The Plaintiff was entitled to the statutorily required COBRA notice and accurate information relating to the costs of continued health insurance within the time periods required by law in relation to the Plaintiff's employment with the Defendant SL.

22.    The Defendant SL has breached duties by failing to provide the statutorily required COBRA notices after the Plaintiff experienced a qualifying event which was the termination of his employment.

23.    As a result of the failures of Defendant SL, the Plaintiff seeks statutory penalties of up to $110 per day per violation as provided by 29 U.S.C. § 1132 (c) and for such other further different equitable or appropriate relief which the Court may provide. This includes but is not limited to, an order requiring reinstatement of all health insurance benefits with the Defendant bearing all costs for any past health insurance coverage, if such should be necessary, given the Plaintiff is unable to utilize past health insurance.

**WHEREFORE,** the premises considered the Plaintiff demands judgment against the Defendant SL as follows:

a.)    For a statutory penalty up to $110 per day for each separate violation until such proper COBRA notices are required or until such time the Court deems proper;

b.)    For equitable relief including payment of all costs for past health insurance coverage, if necessary to cause reinstatement of the Plaintiff's health insurance benefit;

c.)    For attorney's fees under 29 U.S.C. § 1132;

d.)   For such other equitable and appropriate relief as this Court may provide;

## COUNT TWO

24.   The Plaintiff incorporates reference all previous paragraphs of this complaint.

25.   The Defendant SL had the duty under 29 U.S.C. §1024(b)(1) to produce a copy of the summary plan description and the plan documents relating to health benefits and any health claim of the Plaintiff within 30 days of the request.

26.   As of the date of the filing of this lawsuit, the Plaintiff still has not received the plan documents.

27.   Based upon the Plaintiff's information and belief, the Defendant SL is the plan sponsor and the plan administrator for the healthcare plan in question.

28.   The Plaintiff needed the summary plan description and the plan documents to know his rights including any particular COBRA obligations as well as any exhaustion of claim remedies.  The Defendant SL has not responded to the above requests in violation of the above statutes and duties.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant SL as follows:

a.)   For award of penalties of $110 per day for each day the Defendant did not produce the summary plan description and the plan documents for which it was

required to respond.

    b.)    For an award of attorney's fees.

    c.)    For such other further relief as may be just and proper under 29 USC § 1132(c).

Respectfully Submitted,

David P. Martin
(ASB-3500-M68D)

Ariel S. Blocker
(ASB-0090-Z82A)

OF COUNSEL:
**The Martin Law Group, LLC**
**Attorneys for Plaintiff**
P.O. Box 20087
Tuscaloosa, AL 35402
Phone (205) 343-1771
Facsimile (205) 343-1781
david@erisacase.com
ariel@erisacase.com

7

**Plaintiff's Address:**
Brandon Smith
c/o The Martin Law Group, LLC
P.O. Box 20087
Tuscaloosa, AL  35402

**Defendants' Addresses:**

**CT Corporation System**
**2 North Jackson Street**
**Suite 605**
**Montgomery, AL  36104**

**To be served regarding the statutory penalty claim:**

Secretary of Labor
c/o Christopher P. Lu
200 Constitution Avenue, N.W.
Washington, D.C. 20210

Secretary of Treasury
c/o Jacob J. Lew
1500 Pennsylvania Avenue, N.W.
Washington, D. C.20220